IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FORTNER HONEY, INC., | CV 22-13-BLG-SPW-KLD |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY and TREVOR WARE, | |
| Defendants. | |

Plaintiff Fortner Honey, Inc. ("Fortner") brings this action against Defendants Allianz Global Risks US Insurance Company ("Allianz") and Trevor Ware ("Ware") alleging breach of contract, violations of the Montana Unfair Trade Practices Act ("MUTPA"), and breach of the implied covenant of good faith and fair dealing. (Doc. 1-2).

This matter comes before the Court now on Fortner's Motion to Remand (Doc. 2) and Fortner's Motion for Leave to File an Amended Complaint (Doc. 24). Both motions are opposed by Allianz and Ware. For the reasons outlined below, Fortner's motion for remand should be denied and its motion for leave to file an Amended Complaint should be denied in part and granted in part.

I.    **Factual Background**

In June of 2019, a hailstorm caused damage to Fortner's property. (Doc. 1-2

1

at ¶ 9). Fortner was insured under a policy from National Surety Corporation ("National"). (Doc. 8-1 at 1-2). Fortner filed a claim to be reimbursed for the damages. (Doc. 1-2 at ¶ 9). After the claim was filed, Naya Fithian ("Fithian"), a Regional General Adjuster for Allianz, was assigned to adjust the claim underwritten and insured by National. (Doc. 8-1 at 2).

National, through Allianz and Fithian, hired Montana Claims Service to conduct a onetime investigation of Fortner's property on July 8, 2019. (Doc. 10 at 2; Doc. 24-1 at 6). Fortner was not satisfied with the results of this inspection and alleges that Montana Claims Service performed an inadequate and unreasonable investigation of the property by failing to incorporate the full extent of the covered loss. (Doc. 10 at 2; Doc. 24-1 at 6). Fortner contends that this initial investigation is what led to the undervaluation of the claim and Ware's failure to inspect certain outbuildings. (Doc. 24-1 at 8).

In September of 2019, Fithian hired Young & Associates to inspect Fortner's property and prepare a damage assessment. (Doc. 8-1 at 2, Doc. 9 at 4). Ware, an employee of Young & Associates, was tasked with inspecting the damage at Fortner's property. (Doc. 9-1 at 2). Ware inspected the damage at Fortner's property on September 29, 2019, and on June 9, 2020. (Doc. 9-1 at 2, Doc. 10 at 3). He provided a summary and update of the damage to Fithian. (Doc. 8 at 4). Ware asserts he was never provided with Fortner's insurance policy, nor

did he analyze or evaluate coverage, negotiate the claim, or make any decisions about what damage was covered under the policy—he merely inspected Fortner's property for damage. (Doc. 9-1 at 2). Fortner has not presented evidence of a contract between itself and Ware. (Doc. 9 at 7)[1]

Fortner was dissatisfied with the results of this inspection as well, so it hired a public adjuster ("public adjuster"). (Doc. 1-2 at ¶13). The public adjuster inspected the property in May of 2020 and found there was evidence of hail damage. (Doc. 1-2 at ¶ 15). After this, National/Allianz instructed Ware to return to the property and inspect the property's outbuildings. (Doc. 1-2 at ¶ 16). Fortner also demanded an appraisal through its public adjuster. (Doc. 1-2 at ¶ 20). Fortner's public adjuster gave written notice to National/Allianz that Fortner did not agree with Ware's June 15, 2020, report as it related to the Upper Shop and Lower Shop. Doc. 1-2 at ¶ 21). After contested appraisals, a court appointed an Umpire in October, 2021 (Doc. 1-2 at ¶ 27; Doc. 24-1 at 18). In December of 2021, the Umpire issued an appraisal award in the total amount of $266,797.54. (Doc. 1-2 at ¶ 28). As the claim settlement process continued, National/Allianz granted an extension to the "Suit Against Us" provision in Fortner's policy, extending the

---

[1] (Doc. 1- 2 at ¶ 10.) Fortner's Complaint alleges that "Allianz assigned the claim to an adjuster, Defendant Ware, by and through Ware's consulting employer, Young and Associates Engineering Services, LLC (d/b/a Young & Associates) to investigate the Claim on behalf of Allianz." (Doc. 1- 2 at ¶ 10.)

deadline to file suit until December 31, 2021. (Doc. 1-2 at ¶ 33).

Fortner filed this lawsuit in state court December 30, 2021, alleging Ware was an insurance adjuster, and that he and Allianz had breached its contract with Fortner, violated the covenant of good faith and fair dealing, and violated the MUTPA by acting in bad faith. (Doc. 1 at 3).  Allianz timely removed the action on diversity of citizenship grounds. (Doc. 1). Allianz acknowledges Ware is a citizen of Montana but claims he has been fraudulently joined because Fortner has no plausible claims against him. Fortner then filed a motion to remand the action back to state court. (Doc. 2). On June 30, 2022, Fortner filed a motion for leave to file an Amended Complaint which included Montana Claims Service and National. (Doc. 24).

## II.   Legal Standards

### A.   Jurisdiction

Federal district courts have original jurisdiction over cases between citizens of different states when the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332(a). A defendant may remove such an action to federal court provided that no defendant is a citizen of same state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Removal under section 1332(a) requires "complete diversity" of citizenship, meaning each plaintiff, with few exceptions, must be diverse from each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

2001) (citation omitted). If any defendant who is "properly joined and served" is "a citizen of the State in which the action is brought[,]" then the action is not removable. 28 U.S.C. 1441(b)(2).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B.    Motion to Amend

Federal Rule of Civil Procedure 15(a) allows a party to amend its complaint once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a).  The Ninth Circuit has liberally applied Rule 15's instruction that leave to amend "shall be freely given when justice so requires." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (quoting Fed.R.Civ.P. 15(a)).  Nevertheless, "the liberality in granting leave to amend is subject to several limitations." *Ascon*, 866 F.2d at 1160.  Under Rule 15(a), the Ninth Circuit instructs courts to consider the following five factors in assessing whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Ascon*, 866 F.2d at 1160.  These factors do not merit equal weight.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Additionally, if a case or controversy has been removed to federal court, Section 1447, Title 28 of the United States Code governs the procedures after removal generally. Subsection (e) of that statute provides as follows:

> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Consequently, once removal has been effected, the district court may only consider one of the two options identified in section 1447(e) when dealing with a plaintiff's attempt to join a non-diverse defendant. *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 691 (9th Cir.1998).

## III.   Discussion

### A.   Motion to Remand

#### 1. Fraudulent Joinder

The question before the Court is one of jurisdiction and fraudulent joinder. Because Fortner and Ware are both citizens of Montana, diversity jurisdiction is lacking unless Ware was fraudulently joined.

Fraudulent joinder is a term of art. If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled law of the state, the joinder is fraudulent and "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Princess Cruises, Inc.,* 236 F.3d at 1067 (citing *McCabe v. General Foods Corp.,* 811 F.2d 1336,

1339 (9th Cir.1987)); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046. However, there is a distinction between a complete lack of a cause of action against a sham defendant and an "inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action." *Lovell v. Bad Ass Coffee Co. of Hawaii*, 103 F. Supp. 2d 1233, 1237 (D. Haw. 2000).  A finding of fraudulent joinder is improper if the defendant's assertions go to "the merits of the action as an entirety, and not to the joinder; that is to say, '[they indicate] that the plaintiff's case was ill founded as to all the defendants." *Lovell,* 103 F. Supp. 2d at 1237 citing *Chesapeake & Ohio R. Co. v. Cockrell,* 232 U.S. 146, 153–54, 34 S.Ct. 278, 58 L.Ed. 544 (1914)).

Although Allianz takes the position that it has been improperly named in this action, it has established diversity of citizenship. As alleged in the complaint and stated in the notice of removal, Allianz states it is an Illinois corporation with its principal place of business in Illinois. Fortner has its principal place of business in Powder River County, Montana and Ware is a citizen of Montana. (Doc. 1 at 2, 5; Doc. 1-2 at ¶¶ 1-3).

Defendants premise their opposition to Ware's motion to remand on the

argument that Ware is fraudulently joined and his presence in the action should therefore be ignored under application of the forum defendant rule, 28 U.S.C. § 1441(b)(2). Therefore, the issue is whether Ware can be held personally liable under Montana law given the allegations in Fortner's complaint and is properly joined as a defendant in this action.

Under Montana law, the MUTPA provides that no "person" may engage in certain prohibited conduct relating to insurance claims handling. Mont. Code Ann. § 33-18-201. The MUTPA defines "person" broadly as "an individual, insurer, company, association, organization, Lloyd's society, reciprocal or interinsurance exchange, partnership, syndicate, business trust, corporation, or any other legal entity." Mont. Code Ann. § 33-1-202(3). In *O'Fallon v. Farmers Ins. Exch.*, the Montana Supreme Court expressly held that "[i]t is clear from the language of § 33-18-201, that not just insurers, but also claims adjusters, are prohibited from engaging in the acts that are prohibited." 260 Mont. 233, 243, 859 P.2d 1008,1015 (Mont. 1993). The Court found that § 33-18-242 does not limit the parties against whom a common law claim for violation of § 33-18-201 can be brought. *O'Fallon*, 859 P.2d at 1015. The Court determined that "individuals, as well as insurers, are prohibited from engaging in the unfair trade practices set forth in Mont. Code Ann. § 33-18-201, and that when an individual breaches the obligations imposed by that statute, the claimant who is damaged by that breach has a common law

cause of action against that individual." *O'Fallon*, 859 P.2d at 1015; Mont. Code Ann. § 33-18-201.

Bad faith claims are commonly brought against claims adjusters. *Leaphart v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 2016 WL 81234 (D. Mont. Jan. 7, 2016). If a plaintiff can establish that violations indicate a general business practice by showing that multiple violations occurred in one claim or violations occurred by the same company in different claims, the individual is not fraudulently joined in a bad faith action. *Leaphart* 2016 WL 81234 at *2-3. *See also Hochhalter Inc. v. Diamond State Ins. Co*., 2017 WL 5710461, *4 (D. Mont. Nov. 8, 2017) adopted by 2017 WL 5712099 (D. Mont. Nov. 27, 2017) (Because Montana law recognizes that claims adjusters can be liable under the MUTPA, plaintiff did not fail to state a cause of action against a consulting adjuster.); *see also Soanes v. Carolina Cas. Ins. Co.*, 2010 WL 5607045 (D. Mont. Nov. 10, 2010).

While Fortner's brief adequately states the law illustrating that adjusters can be found liable in a bad faith action, Defendants dispute that Ware is an adjuster. Fortner's state court complaint alleges that "Allianz assigned the claim to an adjuster, Defendant Ware, by and through Ware's consulting employer, Young and Associates Engineering Services, LLC (d/b/a Young & Associates) to investigate the Claim on behalf of Allianz."  (Doc. 1-2 at ¶ 10.) Defendants argue Ware is not an adjuster, however, because he was only hired as a consultant to assess the

damage done to Fortner's property and did nothing to resolve Fortner's claim under its insurance policy.

In support of their respective arguments, all parties have attached additional evidence to their briefs. *See Princess Cruises, Inc.,* 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony"); *Staley v. BNSF Ry. Co.*, 2015 WL 860802, at *2 (D. Mont. Feb. 27, 2015). Defendants have submitted affidavits from Ware (Doc. 9-1) and Fithian[2] (Doc. 8-1), and Fortner has submitted an affidavit of Gayle Fortner (Doc. 14-1).

To determine if Fortner has a cognizable claim against Ware, the Court must determine if Ware was an adjuster. An "adjuster" is "a person who, on behalf of the insurer, for compensation as an independent contractor or as the employee of an independent contractor or for a fee or commission investigates and negotiates the settlement of claims arising under insurance contracts or otherwise acts on behalf of the insurer." Mont. Code Ann. § 33-17-102(1).  Additionally, a person may not act as an "adjuster" in the state "unless the person holds an adjuster license." Mont. Code Ann. § 33-17-301(1).

---

[2]  Fortner states that these affidavits are self-serving, but the only evidence Fortner provides that Ware is an adjuster is that it identified him as such in its complaint. Fortner points to law holding that adjusters can be held liable but falls short of explaining how Ware could be viewed as an adjuster, not a consultant.

Here, Ware cannot be held liable as an adjuster. In her declaration, Fithian states that she was the adjuster assigned to Fortner's case. (Doc. 8-1 at 2). After Fortner was dissatisfied with the estimate, Fithian hired Young and Associates to inspect the damage. (Doc. 8-1 at 2). She explains that Young and Associates sent Ware to inspect the damage from the storm, but he never evaluated, negotiated, or adjusted Fortner's claim. (Doc. 8-1 at 2). Ware states that his role in connection with Fortner's claim was limited to viewing its property and preparing a damage repair estimate at the request of Fithian (Doc. 9-1 at 2). He explains that he was never provided with Fortner's insurance policy, nor did he analyze or evaluate coverage, negotiate the claim, or make any decisions about what damage was covered under the policy—he merely inspected Fortner's property for damage. (Doc. 9-1 at 2). To combat these assertions, Fortner provides an affidavit of Gaylene Fortner ("Gaylene"). In her affidavit, Gaylene attaches an email chain that she states is a business record in which Ware communicated that he did not need to assess the shed and shop due to an exclusion in the insurance policy. (Doc. 14-1 at 2-3). The Court finds the exhibit attached to the affidavit does not show Ware did any adjusting of Fortner's claim. The first email in the chain is from Ware. At 9:59 a.m. he emails "Tim" to say:

> "Good Morning Tim, Thank you for the call back this morning. As discussed attached is the repair estimate for damages resulting from the hail storm. Please review and give me a call when it works for you to go through this together. Kind regards, Trevor Ware."

(Doc. 14-1 at 6). There is no attachment to the exhibit. The next email in the exhibit is from Gaylene stating:

> "Brian, Trevor said the shops are excluded. Tim is still here for a little bit. Gaylene."

(Doc. 14-1 at 5). Aside from Fortner's use of the word "adjuster" in its complaint, there is nothing before the Court to indicate that Ware actually is an adjuster.

Fraudulent joinder is established when a plaintiff's failure to state a viable cause of action is obvious according to the settled law of the state. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548–49 (9th Cir. 2018) (citing *McCabe*, 811 F.2d at 1339).  That is the case here. First, Fortner does not allege that either Young and Associates or Ware are engaged as indemnitors, sureties, or contractors in the business of entering into contracts of insurance as is required to state a MUTPA claim. Mont. Code Ann. §§ 33-1-201(6)(a) and 33-18-201. Second, Fortner has not alleged that Ware performed any act with such frequency as to indicate a general business practice to be held liable under MUTPA. Insureds "can establish that violations indicate a general business practice by showing that multiple violations occurred in one claim or violations occurred by the same company in different cases." *Leaphart*, 2016 WL 81234, at *2 (citing *Cook v. Principal Mut. Life Ins. Co.*, 784 F. Supp. 1513, 1518 (D. Mont. 1990)). There is nothing aside from Gaylene's assertion that Ware said the shops were excluded to

12

illustrate that Ware adjusted the claim or that he frequently engaged in bad practices. Absent such allegations with supporting facts, there can be no claim for violation of Mont. Code Ann.§ 33-18-201. *Leaphart*, 2016 WL 81234, at *3 citing *Strizic v. N.W. Corp.*, 2015 WL 1275404, at *2 (D. Mont. 2015) (defendant was fraudulently joined where the complaint was void of allegations showing that the defendant's acts were of such frequency as to indicate a general business practice when the plaintiff failed to show defendant acted as a claims adjuster.). Although Fortner properly states the law of this jurisdiction that adjusters can be held liable for bad faith, there is nothing to show Ware was an adjuster, or that he committed unfair trade practices with such frequency to lead to a business practice. Thus, this Court finds, based on the facts alleged in the complaint, Ware cannot be held liable under Mont. Code Ann.§ 33-18-201.

Additionally, Fortner's claims for breach of contract and breach of the covenant of good faith and fair dealing against Ware are unavailing. Fortner does not focus on these claims in its briefing and simply points out that it brought these claims against Ware and Allianz. (Doc. 3 at 5). Defendants argue that these claims fail as a matter of law because Ware was not a party to any insurance contract in this action. Although Fortner's reply states these deficiencies will be cured with leave to amend the complaint, it does not explain how contract claims can be brought against a stranger to the contract. Because Ware did not have a contractual

13

relationship with Fortner, he cannot be subject to the contractual claims Fortner alleges in the complaint.

### 2. Fees

Fortner also requests, pursuant to 28 U.S.C. § 1447(c), an award of "the just costs and reasonable attorney fees in securing remand." (Doc. 3 at 11). A court may order remand and may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal but only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds, based upon the discussion above, that Defendants had an objectively reasonable basis for seeking removal. Therefore, an award of fees and costs is unwarranted.

### B.   Motion for Leave to File an Amended Complaint

As a preliminary matter, the parties dispute Fortner's ability to file its proposed Amended Complaint (Doc. 24-1) and the effect of that amendment on the merits of the motion to remand and this matter in general.[3] Fortner contends that it is entitled to amend its complaint as a matter of right, and this amendment will

---

[3] Defendants argue Fortner's motion should be denied under Local Rule 7.1 because Fortner did not file an accompanying brief with the Motion for Leave to File. Although Local Rule 7.1 does require a brief in support of an opposed motion, the Court will address Fortner's arguments on the merits.

necessitate a remand to state court. (Doc. 29 at 2, 6).

Federal Rule of Civil Procedure Rule 15 permits a party, in certain situations, to amend a pleading once as a matter of course without first obtaining leave of court. Specifically, "[a] party may amend its pleading once as a matter of course within: [ ... ] 21 days after service of a responsive pleading[.]" Fed. R . Civ. P. 15(a)(1)(B). In all other cases, leave to amend a party's pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). This policy should be applied with "extreme liberality." *Aspeon, Inc*., 316 F.3d at 1051. However, leave should not be freely given if it would cause "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso v. General Dynamics C4 Systems*, 637 F.3d 1047, 1058 (9th Cir. 2011).

### 1.   Montana Claims Service

Neither Defendant named in the original complaint has filed an answer because this Court granted an unopposed motion to stay the deadline. (Doc. 5). As a general rule, Rule 15 would apply to Fortner's request, but since removal has been effected and the "amendment seeks to join a non-diverse defendant that would defeat diversity jurisdiction, the propriety of the amendment is not resolved by Rule 15." *Hauerwaus v. Allied Waste Servs. of N. Am., L.L.C.,* 2012 WL 1378460, at *2 (D. Mont. Mar. 26, 2012), report and recommendation adopted sub nom. *Hauerwaus v. Allied Waste Sys. of N. Am., L.L.C*., 2012 WL 1378447 (D.

Mont. Apr. 19, 2012). Instead, this action invokes 28 U.S.C. § 1447(e). The removal statute provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Under this statute, district courts have discretion either to deny joinder or to allow joinder and remand the case to state court. *Newcombe*, 157 F.3d at 691; 3*WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021).

Section 1447(e) is controlling even if the plaintiff has attempted to exercise its right to amend a pleading as a matter of course under Fed. R. Civ. P. 15. *Hauerwaus,* 2012 WL 1378460, at *2  (citing *Hardin v. Wal–Mart Stores, Inc.,* 813 F.Supp.2d 1167, 1173 (E.D.Cal.2011) ("plaintiff[s] may not circumvent 28 U.S.C. § 1447(e) by relying on [Fed.R.Civ.P.] 15(a) to join non-diverse parties")). Thus, the Court will assess Fortner's motion under Section 1447(e), even though Fortner argues Rule 15 should govern because Ware is already a non-diverse defendant. (Doc. 29 at 6).

The permissive language of section 1447(e) gives the district courts discretion to either permit or deny the joinder of a non-diverse defendant. *Newcombe,* 157 F.3d at 691. In exercising that discretion, courts have applied various factors in considering the propriety of allowing the joinder of a

non-diverse defendant. *Hauerwaus,* 2012 WL 1378460 at *3. Those

considerations are:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Hauerwaus* 2012 WL 1378460 at *3 citing *JSR Micro, Inc. v. QBE Insurance*

*Corp.,* 2010 WL 5211504, *1 (N. D.Cal.2010) (citing *Palestini v. General*

*Dynamics Corp.,* 193 F.R .D. 654, 658 (S.D.Cal.2000)). Additional factors for

consideration include: "[1] the possible prejudice that may result to any of the

parties in the litigation; [2] the closeness of the relationship between the new and

the old parties; [3] the effect of an amendment on the court's jurisdiction; and [4]

the new party's notice of the pending action." *Hauerwaus* 2012 WL 1378460 at *3

(citing *Hardin,* 813 F.Supp.2d at 1173–74 (quoting *Oum v. Rite Aid Corp.,* 2009

WL 151510, *3 (C.D.Cal. 2009)). The Court will address each of these factors in

turn.

### 1. *Necessity for Joinder*

Under this first factor, the courts need not engage in a full joinder analysis

under Fed.R.Civ.P. 19(a). *Hauerwaus* 2012 WL 1378460 at *3 (citing *Cross v.*

*Kellwood Retail Group,* 2009 WL 250454, *6 (N.D. Cal.2009)). Rather, the courts

remain free to exercise discretion under section 1447(e). *Cross,* 2009 WL 250454, *6.

Joinder is proper where a party is either a necessary party to the action in order to provide complete relief among the parties, or where the party in question claims a protectable interest in the matter. Fed. R. Civ. P. 19(a). If a non-diverse defendant is only tangentially related to the cause of action and complete relief is not dependent on joinder of a party, a non-diverse defendant is not a necessary party. *See Greenough v. Safeco Ins. Co. of Illinois*, 2009 WL 159175, at *4 (D. Mont. Jan. 22, 2009) (allowing plaintiff to amend and join a non-diverse defendant, which required remand, was proper when the new defendant was the main tortfeasor and insured by the diverse defendant).

It does not appear from Fortner's proposed Amended Complaint that Montana Claims Service's presence is needed in order for Fortner to obtain complete relief. (Doc. 24-1). In its original and proposed Amended Complaint, Fortner maintains that its policy was through "National/Allianz" and that Montana Claims Service was hired to inspect the property in July of 2019. Fortner's claims for breach of contract and the covenant of good faith and fair dealing do not require Montana Claims Service's joinder in this action. There are no allegations of a contract between Montana Claims Service and Fortner. Although the contract claim alleges "Defendants" breached the contract, it also alleges the only parties to

18

the contract are Fortner and Allianz.  (Doc. 24-1 at 27-28).  Thus, the argument

that Montana Claims Service is a necessary party on this claim fails as a matter of

law.  Similarly, Fortner's claim for breach of the covenant of good faith and fair

dealing is expressly premised on a contractual relationship between itself and its

insurer.  (Doc. 24-1 at 29-30).  Accordingly, this claim also does not apply to

Montana Claims Service, despite the proposed Amended Complaint's use of

"Defendants" throughout the pleading.

Fortner has pled only rudimentary and conclusory allegations that Montana

Claims Service is responsible for the occurrences giving rise to the MUTPA claim.

Fortner alleges Montana Claims Service performed a faulty inspection which

ultimately led to the coverage dispute, but fails to add factual details apart from the

allegation that Montana Claims Service inspected the property and completed a

written report about the scope of the damage and cost of repair. (Doc. 24-1 at 6-8).

There is no basis on which the Court can conclude Montana Claims Service's

joinder is necessary to adjudicate this action, nor is there anything to suggest that

Fortner could not obtain complete relief from National/Allianz. Because Montana

Claims Service is not necessary to this action, and Fortner can be awarded

complete relief without Montana Claims Service, this factor weighs against

joinder.

//

## 2. *Statute of Limitations*

Defendants argue any claim against Montana Claims Service is barred by MUTPA's two-year statute of limitations. Mont. Code Ann. § 33-18-242. Fortner's proposed Amended Complaint asserts that Montana Claims Service viewed the property in July of 2019. (Doc. 24-1 at 6). Fortner filed its original Complaint on December 30, 2021. (Doc. 1-2 at 1).

Fortner's proposed Amended Complaint alleges Montana Claims Service "performed an inadequate and unreasonable investigation of the property on or about July 8, 2019" and then wrote a report dated July 12, 2019, which Fortner alleges "has cascaded throughout the Claim handling process resulting in misrepresentations" including undervaluing the original claim and failing to view or inspect damages to additional buildings on Fortner's property. (Doc. 24-1 at 5-6).

Notably, the proposed Amended Complaint does not allege that Montana Claims Service had any involvement whatsoever in the handling of Fortner's claim after the July 12, 2019, report, nor does the proposed Amended Complaint allege the report was withheld from Fortner. To the contrary, after receiving the report, Fortner was so dissatisfied with the conclusions that it objected to National/Allianz and subsequently hired its own adjuster. There are no additional factual allegations pertaining to Montana Claim Service's involvement after that date.

Fortner argues that the statute of limitations does not bar its claim against Montana Claims Service because the Defendants, including Montana Claims Service, concealed the injury to Fortner, namely the amount of loss and buildings covered, by misrepresenting the amount of loss and occasionally increasing the amount of loss, hoping Fortner would accept the lower amount.  (Doc. 29 at 12).  Fortner also argues that insurance policies are complex and the provisions, exclusions and exceptions in policy language "are complex and concealing in nature." (Doc. 29 at 13-14).  Based on these characterizations, Fortner argues the statute of limitations should be tolled until December 13, 2021, which is the date on which an appraisal award was issued.  (Doc. 29 at 14; Doc. 24-1 at 18).

Under Montana law, the statute of limitations begins to run "when all elements of the claim exist or have occurred." *Thieltges v. Royal Alliance Associates, Inc.*, 2014 MT 247, ¶ 15, 376 Mont. 319, 323, 334 P.3d 382, 385 (Mont. 2014) (citations omitted).  However, "if the facts constituting the claim are, by nature, concealed or self-concealing, or if the defendant has acted to prevent discovery of the facts constituting the claim, the claim does not accrue until those facts are, or in the exercise of due diligence should have been, discovered." *Thieltges*, 334 P.3d at 385, citing Mont. Code Ann. § 27-2-102(3).  The "discovery rule" may excuse a party's failure to discover an injury when a complex tax transaction requiring multiple professionals to identify was not

discovered by a plaintiff, and when defects in a complex estate transaction, the details of which were concealed and not disclosed to a client by an attorney, are not apparent to the client. *See Draggin' Y Cattle Co., Inc. v. Addink*, 2013 MT 319, ¶¶ 23-24, 372 Mont. 334, 341, 312 P.3d 451, 457 (Mont. 2013) and *The Stanley L. and Carolyn M. Watkins Trust v. Lacosta*, 2004 MT 144, ¶¶ 43-47, 321 Mont. 432, 444-45, 92 P.3d 620, 629-30 (Mont. 2004). On the other hand, when the facts giving rise to a claim are known to the plaintiff, regardless of knowledge of potential legal claims, the statute of limitations is not tolled. *Thieltges*, 334 P.3d at 386.

In the instant case, the claims against Montana Claims Service are that it misrepresented the value of Fortner's loss in the July 12, 2019 report provided to National/Allianz. That is the only involvement Montana Claims Service had in relation to Fortner's loss, and its conclusion, with which Fortner was not satisfied, was fully disclosed to Fortner in July 2019. In fact, based on the contents of that report and Fortner's disagreement with its conclusions, Fortner demanded a new inspection and valuation by National/Allianz. Fortner argues that that report formed the basis of a "cascading" effect of misrepresentations as to the value of the claim, but there are no facts alleged to suggest Montana Claims Service was actually involved in anything related to Fortner's claim after July 12, 2019. Fortner was fully aware of the valuation in the July 12, 2019 report, and to

the extent it believes that report is a basis for a MUTPA claim, it discovered, or should have discovered with due diligence, its claim against Montana Claims Service by that date.

Fortner additionally argues that commercial insurance policies are so complex as to be, by their very nature, self-concealing.  However, there is nothing at all complex about Fortner's allegations against Montana Claims Service, which are that Montana Claims Service misrepresented the value of Fortner's loss at the time it submitted its report.  One does not need to be an expert in insurance to understand a disagreement about the valuation of a loss, nor to identify a claim based on that alleged misrepresentation.  In fact, that is exactly what Fortner did in this case:  it identified a problem with Montana Claims Service's valuation and it brought it to the attention of National/Allianz.  For these reasons, the Court finds that the statute of limitations for Fortner's MUTPA claim against Montana Claims Services ran before this case was filed, and thus this factor weighs against joinder.

### 3.  *Delay in seeking Joinder*

While there has not necessarily been a delay in seeking joinder, Fortner has known about Montana Claims Service's potential involvement in this case since July 2019. Fortner chose not to name Montana Claims Service in its original complaint. This factor leans in favor of denial of joinder because Fortner could have named Montana Claims Service in the original complaint.

*4.  Motive for Joinder*

The Court must carefully consider the motive in seeking joinder of a non-diverse defendant in light of a case that was removed to federal court. *Hauerwaus* 2012 WL 1378460 at *5 (citing *Desert Empire Bank, v. Insurance Co. of North America,* 623 F.2d 1371, 1376 (9th Cir.1980)). When drafting the original complaint, Fortner chose not to name Montana Claims Service even though the entity allegedly "performed an inadequate and unreasonable investigation of the property on or about July 8, 2019." (Doc. 24-1 at 6). Yet, after removal and a fully briefed motion for remand, Fortner seeks to add Montana Claims Service. Further, in its motion for leave to file its proposed Amended Complaint, Fortner states that "its First Amended Complaint will assist the Court with its consideration and determination of Fortner's Motion for Remand to State Court…leading to a ruling that this matter must be remanded to State Court." (Doc. 24 at 2). It is apparent that Fortner knew about Montana Claims Service's involvement with its claim before the filing of its state court complaint but did not plead a claim against Montana Claims Service until after this case had been removed. From these facts, the Court can infer that Fortner's motive in seeking to add Montana Claims Service as a defendant is to defeat diversity jurisdiction. This factor weighs against joinder.

*5.  Validity of Claims*

Even if Fortner's claims against Montana Claims Service are not barred by

24

the statute of limitations, Fortner lacks a colorable claim against Montana Claims

Service. In its proposed Amended Complaint Fortner alleges that National, via

Allianz,

> "assigned the claim to Miles City, a person/party engaged in the claim
> settlement process, to investigate the Claim on National's and Allianz's behalf.
> Miles City performed an inadequate and unreasonable investigation of the
> Property on or about July 8, 2019 as it failed to view or inspect all buildings on
> the Property and failed to incorporate the full extent of covered loss, which
> was known, or should have been known, to Miles City during this
> investigation. This inadequate and unreasonable investigation provided the
> foundation and basis for Miles City's written report(s)/scope(s) of
> work/estimate(s) dated July 12, 2019, which has cascaded throughout the
> Claim handling process resulting in misrepresentations of the facts of the
> Claim by grossly undervaluing the claim, damage, and extent of needed repairs
> to "Dwelling 1" and "Dwelling 2" and completely failed to view, inspect,
> and/or investigate the damages sustained to the "Garden Shed" as well as the
> "Upper Shop" and "Lower Shop" located at the Property."

(Doc. 24-1 at 10). Fortner argues that Montana Claims violated MUTPA, §33-18-

242 and/or §33-18-201(1), (6) and (14) of the Montana Code Annotated.

Defendants correctly point out that there are no facts to suggest that there

was ever a contract between Montana Claims Service and Fortner. (Doc. 28 at 6).

Fortner has not pled any facts that Montana Claims Service did anything more than

look at the property as directed by Fithian. In the absence of a contract, Fortner

cannot bring breach of contract and violation of the covenant of good faith and fair

dealing claims against Montana Claims Service.  Accordingly, because Fortner

does not have any contract based claims against Montana Claims Service, it is

limited to asserting MUTPA claims. As discussed above, Fortner's MUTPA claims

against Montana Claims Service are barred by the applicable statute of limitations. Accordingly, this factor weighs against joinder.

### 6. Prejudice to Any Party

Fortner argues that the proposed joinder of Montana Claims Service will not prejudice any party because Ware is already a non-diverse defendant. (Doc. 29 at 6). Defendants argue that they would be prejudiced by the addition of Montana Claims Service because they would lose their right to have this case adjudicated in federal court. (Doc. 27 at 11).

This Court finds that Fortner would not be prejudiced by the denial of Montana Claims Services' joinder. Fortner has not demonstrated a claim against Montana Claims Service that cannot be maintained against Allianz, and additionally does not have a viable claim against Montana Claims Service. Moreover, Montana Claims Service does not need to be present for Fortner to obtain relief on its claims. This factor weighs against the joinder of Montana Claims Service.

### 7. Closeness of Relationship Between New and Old Parties

Based on the facts alleged in the pleadings, it appears Montana Claims Service had minimal involvement in the events that gave rise to this lawsuit. It inspected Fortner's property one time in 2019, and its evaluation was rejected by Fornter almost immediately. It is unclear if Montana Claims Service has any relationship with the current defendants, but it is certain that it did not have any

additional involvement in the valuation of Fortner's loss after it submitted its July 2019 report. This factor weighs against joinder of Montana Claims Service.

### 8. *Effect of Amendment on Jurisdiction*

The proposed joinder of Montana Claims Service would defeat this Court's jurisdiction over this matter. Because Allianz properly removed this action based on diversity jurisdiction, this factor weighs against joining Montana Claims Service.

### 9. *New Party's Notice of Pending Action*

There is no evidence in the record suggesting Montana Claims Service had any notice of Fortner's action. Therefore, this factor weighs against allowing Fortner to join Montana Claims Service.

In sum, when assessing the different factors, the Court finds that Fortner should not be allowed to join Montana Claims Service with leave to file an Amended Complaint.

### 2.   National Surety Corporation

Having determined Montana Claims Service should not be joined in this action, the Court notes that Fortner's proposed Amended Complaint also seeks to add National Surety Corporation. (Doc. 24). Allianz maintains that it is improperly named in this action because Fortner's policy was issued by National, but has reserved its right to file a motion to dismiss. (Doc. 1 at 2). Allianz opposes

allowing Fortner to join National as a defendant, without dismissing Allianz. (Doc. 27 at 3-4).[4]

As discussed above, there are various ways to amend a complaint under Rule 15. Under Rule 15(a)(1), a party may amend its pleading as a matter of course before responsive pleadings have been filed. Fed. R. Civ. P. 15(a)(1). Under rule 15(a)(2) leave to amend a party's pleading "shall be freely given when justice so requires." This policy should be applied with "extreme liberality," *Aspeon, Inc*., 316 F.3d at 1051.

The Court concludes that National is a proper party to this action. It is diverse from Fortner and all parties agree that Fortner's property was insured by National. (Doc. 24-1 at 5) As reflected in the notice of removal, the Property was insured by insurance policy number FRM06702316, issued by Defendant National. (Doc. 1 at 2). Thus, Plaintiff should be granted leave to file an amended complaint naming National Surety Corporation as a defendant.

## IV.    Conclusion[5]

---

[4]  Allianz also argues the Proposed Amended complaint is futile because there is no contract between Fortner and Allianz. (Doc. 27 at 4). Because the proposed Amended Complaint does not include any new allegations against Allianz, Allianz's argument that Fortner cannot state a claim against it because there was not a contractual relationship between the two entities is better addressed at the motion to dismiss stage.

[5] The Court notes that it must submit a proposed findings and recommendation for U.S. District Judge Susan P. Watters to review before Fortner's motion to remand

For the reasons discussed above, it is recommended that Fortner's motion for remand and corresponding request for fees and costs be DENIED. It is further recommended that Fortner's motion for leave to file an amended complaint be DENIED as to Montana Claims Service, but GRANTED as to National Surety Corporation.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

Dated this 22nd day of August, 2022.

Kathleen L. DeSoto
United States Magistrate Judge

---

is denied, but it is within the Court's power to deny or grant Fortner's motion for leave to file an amended complaint. *See* 28 U.S.C. § 636(b)(1)(A)- § 636 (b)(1)(c); Fed. R. Civ. P. 72.  The Court has determined submitting a findings and recommendations covering both matters is the most efficient method to resolving both these motions.

The Court will address the pretrial conference scheduling after the District Court has reviewed this Findings and Recommendations.