IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FORTNER HONEY, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY and TREVOR WARE,<br><br>  Defendants. | CV 22-13-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Before the Court are U.S. Magistrate Judge Kathleen DeSoto's Findings and Recommendations regarding Plaintiff Fortner Honey's Motion to Remand (Doc. 2) and Motion for Leave to File an Amended Complaint (Doc. 24). (Doc. 30). Judge DeSoto recommended denying the Motion to Remand, concluding that diversity jurisdiction exists because Defendant Trevor Ware was fraudulently joined. (Doc. 30 at 29). Judge DeSoto also recommended denying the Motion for Leave to File an Amended Complaint as to proposed Defendant Montana Claims Service but granting the motion as to proposed Defendant National Surety Corporation. (Doc. 30 at 29).

Plaintiff timely objected, alleging that Judge DeSoto misapplied state law when determining that Ware was improperly joined and misinterpreted the

1

proposed amendments to the Complaint. (Doc. 31 at 2). Plaintiff also requests that the Court certify a question to the Montana Supreme Court. (Doc. 31 at 8). For the following reasons, the Court adopts Judge DeSoto's Findings and Recommendations in full.

## I. Background[1]

In June 2019, Fortner's property was damaged by a hailstorm. Fortner filed a claim against a policy it owned from National Surety Corporation, and the adjustment claim was assigned to Naya Fithian, working for Allianz, employed by National as the underwriter. During the adjustment process, Fithian hired Montana Claims Service to investigate the property damage. Fortner was unsatisfied with this inspection, so Fithian hired Young & Associates to provide an inspection and damage assessment. Ware, an employee of Young & Associates, inspected the damage to Fortner's property. His inspection was limited to the damage to the property—he never received a copy of the relevant policy and never analyzed coverage or made any coverage decisions. Still dissatisfied, Fortner hired its own public adjuster, who performed an inspection. The results of that inspection were at odds with the Montana Claims Service and Young & Associates inspection,

---

[1] The parties do not object to Judge DeSoto's recitation of the relevant facts. As such, they are adopted and briefly recited here for convenience.

leading to contested appraisals and the appointment of an Umpire to determine the coverage amount.

Fortner filed this suit in state court, alleging that Ware, as an adjuster, and Allianz had breached its contract with Fortner, violated the covenant of good faith and fair dealing, and violated the Montana Unfair Trade Practices Act ("MUTPA"). (Doc. 1 at 3). Allianz timely removed the action from state court on diversity grounds and alleged that complete diversity exists because Ware was fraudulently joined as a defendant. (Doc. 1). Fortner filed a motion seeking to remand the case to state court (Doc. 2). Later, Fortner filed a request to amend the Complaint to add non-diverse defendant Montana Claims Service and diverse defendant National Surety Corporation, among other changes.[2]

Judge DeSoto determined that, because Ware cannot be held liable under the MUPTA since he is not a covered entity, he was improperly joined and that he can be ignored for the purposes of determining jurisdiction. (Doc. 30 at 13). Judge DeSoto also determined that Fortner's proposed amendment to join Montana Claims Service should be denied because Montana Claims Service is not a necessary party for Fortner to obtain relief, the statute of limitations likely precludes relief, joinder is intended to defeat jurisdiction, that the claims alleged do

---

[2] Judge DeSoto notes that ordinarily the decision to allow amendments to pleadings lies with the magistrate, but, given the intertwined issues between the motion to remand and the proposed amendments, Judge DeSoto determined that tendering findings and recommendations on both motions is the most efficient process.

not appear valid, and the denial of joinder does not prejudice the plaintiff. (Doc. 30 at 17). Applying these same considerations, Judge DeSoto determined that joinder of the National Surety Corporation, as the issuer of the underlying policy, is permissible. (Doc. 30 at 27-28).

## II. Legal Standards

### A. Standard of Review

Litigants are entitled to de novo review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews a magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018). A district court, when conducting review of a magistrate's recommendations, may consider evidence presented for the first time in a party's objections, but it is not required to. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

### B. Removal and Remand Standard

4

A defendant may remove a case to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). There are two grounds for federal original jurisdiction, but only diversity jurisdiction is relevant here. Federal courts have original jurisdiction if there is complete diversity among the parties and the amount in controversy is at least $75,000. 28 U.S.C. § 1332(a). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Any doubt should be resolved in favor of remand to the state court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Fraudulent joinder is an exception to the normal rules governing diversity. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* Fraudulent joinder only occurs when "a plaintiff has no possibility of bringing a cause of action against a resident defendant, and therefore has no reasonable grounds to believe he has such an action." *IDS Prop. Cas. Ins. Co. v. Gambrell*, 913 F. Supp. 2d 748, 752 (D. Ariz. 2012).

If the resident defendant's joinder was fraudulent, then that defendant's presence is ignored for purposes of determining diversity. *Morris*, 236 F.3d at 1067. While the defendant may present evidence normally relevant to summary

5

judgment to show fraudulent joinder, the "inquiry is far different from the summary judgment type inquiry." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990). Instead, the test is akin to an analysis made in a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975). Thus, this Court may only "look to material outside the pleadings for the limited purpose of determining whether there are undisputed facts that negate the claim." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (internal quotation omitted).

The defendant bears the burden of showing fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Any contradictory evidence should be resolved in favor of the plaintiff. *Anderson v. BNSF Ry. Co.*, No. CV 08-14-H-DWM, 2008 WL 5412454, at *2 (D. Mont. May 21, 2008). "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court." *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944).

### III. Objections

Fortner raises two objections. First, Fortner alleges that Judge DeSoto mistakenly interpreted the proposed amendments to the Complaint as a bad faith attempt by Fortner to add Montana Claims Service as a defendant. (Doc. 31 at 4).

6

However, beyond that assertion, Plaintiff makes no further argument as to how this would change the analysis or the recommendation of denial of leave to amend. Plaintiff spends the rest of the section discussing its allegations against Ware, but that has no bearing on the denial of leave. (*See* Doc. 31 at 4-5). The Court cannot identify any reasons presented supporting a contrary result. *See Lance*, 2018 WL 4335526 at *1. Reviewing Judge DeSoto's findings regarding the Amended Complaint for clear error, and finding none, the Court adopts Judge DeSoto's recommendation.

Next, Fortner objects to Judge DeSoto's determination that it had no valid claims against Ware, asserting that Judge DeSoto conflated Montana's adjuster licensing statute (Mont. Code Ann. § 33-17-301) with the prerequisite statute for liability under the MUTPA (Mont. Code Ann. § 33-18-242). (Doc. 31 at 7-8). In the alternative, Fortner requests that the Court certify the question to the Montana Supreme Court. (Doc. 31 at 8).

Judge DeSoto correctly stated applicable Montana law. The MUTPA confers an obligation on covered entities to deal reasonably with claimants and the Montana Supreme Court has clarified that MUTPA applies to claims adjusters as well as insurance companies themselves. *O'Fallon v. Farmers Ins. Exch.*, 260 Mont. 233, 243 (Mont. 1993). But the plain language of the MUTPA does not extend liability indefinitely—to engage in unfair claim settlement practices, an

7

individual must be participating in claim settlement. Plaintiff has not produced any evidence that Ware was doing so, as Judge DeSoto noted. (Doc. 30 at 11-12). Other than Plaintiff's conclusory statement that Ware was an adjuster, there is no evidence to suggest that he was an adjuster or engaged in claims settlement practices. Ware did not adjust the claim, evaluate the claim, or negotiate anything related to the claim. (Doc. 8-1 at 2). Ware merely prepared a damage repair estimate that he provided to the adjuster. In fact, Ware apparently did not engage in more than superficial communication with Fortner. (Doc. 14-1 at 2-3). Judge DeSoto correctly concluded that Ware cannot be held liable under MUTPA.

The Court will not certify the question. District courts enjoy broad discretion to certify questions to state supreme courts. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). Certification may be appropriate when a determinative issue in the case involves important state law questions which remain unclear or unresolved under current precedent. *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 393-38 (1988). There is a presumption against certification after the federal district court has issued its decision. *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). Litigants should not be given a second bite at the apple after an adverse decision. *Id.* at 1065; *see also Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir. 2000) ("Although the issues raised by the City are novel and somewhat difficult, the City did not seek certification until

8

after it received an adverse ruling from the district court. That fact alone persuades us that certification is inappropriate."); *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209-10 (8th Cir. 1987) (noting that request for certification was not made "until after the motion for summary judgment had been decided against them," and stating that this "practice . . . should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse ruling.").

The Court denies Plaintiff's motion to certify for two reasons. First, Plaintiff filed its motion for certification after receiving an adverse recommendation from Judge DeSoto. Although Judge DeSoto's recommendation does not constitute a final decision from the Court, parties should be discouraged from seeking certification of an issue after a magistrate issues an adverse recommendation. *Perkins*, 823 F.2d at 209-10. Second, there is no question of state law that is unclear or unresolved. As the Court stated above, it is clear from the plain language of MUTPA and *O'Fallon* that Ware cannot be held liable because he does not fall in the category of covered entities.

## IV. Conclusion

For these reasons, IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 30) are ADOPTED. IT IS FURTHER ORDERED that Plaintiff Fortner Honey, Inc.'s Motion to Remand (Doc. 2) is DENIED, and its

9

Motion for Leave to Amend (Doc. 24) is GRANTED as to joining National Surety Corportation as a Defendant and DENIED as to joining Montana Claims Service as a Defendant. Plaintiff's Motion to Certify is DENIED.

DATED this 29th day of September, 2022.

_____
SUSAN P. WATTERS
United States District Judge